Filed 7/1/25  P. v. Trunyan CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAVID TRUNYAN,<br><br>    Defendant and Appellant. | F089647<br><br>(Super. Ct. No. 23FE020177)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Sacramento County.  Peter K. Southworth, Judge.

Andrea Keith, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Smith, J., and DeSantos, J.

## INTRODUCTION

Appellant and defendant David Trunyan (Trunyan) pleaded no contest to possession of fentanyl for sale and was sentenced to four years, split between county jail and mandatory supervision. On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Trunyan did not file a supplemental brief on his own behalf. We affirm.

## FACTS[1]

At approximately 3:00 a.m. on December 12, 2023, Deputies Hancock and Marrs of the Sacramento County Sheriff's Department were on patrol in Rancho Cordova. Hancock noticed that a vehicle was parked at a gas station for an extended period of time, and "[i]t did not appear to be getting gas." Hancock saw individuals walk up to the vehicle and engage in "hand-to-hand transfers."

Deputy Hancock testified the vehicle left the gas station, he briefly lost sight of it, and then he located it and contacted the driver. Trunyan was the driver and identified himself, and there was a female passenger. Hancock determined Trunyan was on active probation and there was a felony warrant for his arrest in Placer County. He did not own the vehicle and said it belonged to a family member.

The deputies searched the vehicle and found two scales, a couple of packages of a green, leafy substance consistent with marijuana, one package of a white, powdery "rock substance," five pills inside a container, tin foil, and a broken cellphone. Trunyan was searched and found in personal possession of $121 in cash, a functioning cellphone, and a plastic bag of white powder.

---

[1]     The following facts are from the preliminary hearing evidence.

2.

It was later determined the substances consisted of 33 grams of fentanyl and a precursor, five pills of morphine sulphate, and 0.23 grams of methamphetamine. The marijuana was not weighed.

Trunyan's probation conditions included the search of electronic devices on his person. The deputies searched the functioning cellphone, and it contained text messages with individuals about narcotics purchases and sales, and references to certain drugs and the weights.

## PROCEDURAL BACKGROUND

On December 14, 2023, a felony complaint was filed in the Sacramento County Superior Court charging Trunyan with: count 1, possession for sale of cocaine base (Health & Saf. Code,[2] § 11351.5); count 2, possession for sale of methamphetamine (§ 11378); and count 3, misdemeanor possession of marijuana for sale (§ 11359, subd. (b)).

After the preliminary hearing, the prosecution modified count 1 to allege possession for sale of fentanyl (§ 11351) and moved to add another count to allege possession for sale of morphine sulphate.

The trial court found insufficient evidence for count 3, but did not add another count and instead modified count 3 to allege possession for sale of morphine sulphate (§ 11350, subd. (c)). The court held appellant to answer on the three counts as modified.

On or about March 13, 2024, an amended information was filed that charged Trunyan with count 1, possession for sale of fentanyl (§ 11351); count 2, possession for sale of methamphetamine (§ 11378); and count 3, possession for sale of morphine (§ 11351), and alleged aggravating circumstances.

---

[2]     All further statutory citations are to the Health and Safety Code.

**The Plea and Sentencing Hearing**

On April 22, 2024, the trial court convened a plea hearing. The prosecutor stated Trunyan would plead no contest to count 1, possession for sale of fentanyl, for the upper term of four years, and two years would be served in custody with the balance on mandatory supervision, Trunyan would receive a "fentanyl advisement," and he would admit one of the alleged aggravating circumstances. Trunyan would also resolve felony and misdemeanor charges pending in unrelated cases.

Trunyan's counsel objected to the fentanyl advisement, and referred the trial court to a motion he filed prior to the plea hearing.[3] The prosecutor stated the advisement was part of the plea offer, and the offer would be retracted if Trunyan was unwilling to proceed. The court overruled Trunyan's objection because "[i]t's an advisement. It's not creating a new crime or adding more punishment, so the Court will give the advisement." The court asked Trunyan if he wished to withdraw his plea, and Trunyan said no.

Thereafter, the trial court advised Trunyan of his constitutional rights, and Trunyan said he understood and waived those rights. Trunyan pleaded no contest to count 1, possession for sale of fentanyl, and admitted the aggravating circumstance that he was on probation when he committed the offense. The court sentenced Trunyan to four years, with two years in county jail and two years on mandatory supervision.

After the plea and imposition of sentence, the trial court gave the "fentanyl advisement" to Trunyan: "[M]anufacturing, selling, distributing or sharing controlled substance in any form is extremely dangerous to human life. [¶] You can kill the people who use the controlled substances, or who are exposed to these controlled substances. [¶] This is especially true of controlled substances that contain synthetic opioids, including

---

[3] On February 13, 2024, Trunyan filed a motion to strike an alleged invalid term in a potential plea agreement consisting of a "fentanyl advisement," and argued the prosecution was trying to condition a plea on Trunyan's agreement "to some future hypothetical mental state to be used in a future prosecution."

fentanyl. Counterfeit pills can be made. [F]entanyl is often found in counterfeit pills, controlled substances such as methamphetamine, cocaine, MDMA, marijuana and heroin. [¶] If you manufacture, sell, distribute or share a controlled substance and someone dies as a result of using or being exposed to that controlled substance, you can be charged with murder."

On June 18, 2024, Trunyan filed a timely notice of appeal. On April 10, 2025, our Supreme Court ordered this appeal transferred from the Court of Appeal, Third Appellate District, to the Fifth Appellate District.

## DISCUSSION

As noted above, appellate counsel filed a *Wende* brief with this court. The brief also included counsel's declaration that Trunyan was advised he could file his own brief with this court. On May 5, 2025, this court advised Trunyan by letter that he could file a supplemental letter or brief raising any arguable issues. Trunyan did not do so.

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.